SALUSTIANO MALDONADO, POR SÍ Y EN REPRESENTACIÓN DE LA UNIÓN DE LA INDUSTRIA MARÍTIMA AFILIADA A LA UNIÓN DE EMPLEADOS DE MUELLES DE PUERTO RICO, demandante y apelado, *v.* NICOLÁS COLÓN, VÍCTOR UBILES, MARTÍN RIVERA, VICTORIO ORTIZ y PÍO ROSA, demandados y apelantes

Núm. 9542.—*Sometido:* Febrero 3, 1948. *Resuelto:* Marzo 5, 1948.

*Hipólito Marcano y Santiago de la Fuente,* abogados de los apelantes; *Alvaro Ortiz,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El 7 de noviembre de 1945 Salustiano Maldonado, por sí y en representación de la Unión de la Industria Marítima afiliada a la Unión de Empleados de Muelles de Puerto Rico, radicó ante la Corte de Distrito de Humacao una petición de *injunction* para recobrar la posesión de cierta casa y solar, conocidos como el Templo del Trabajo. Alegó que estaba en posesión de la propiedad dentro del año precedente a la radicación de la demanda, y que el 26 de agosto de 1945, los demandados le despojaron de la posesión de dicha propiedad. Luego de ciertos procedimientos preliminares, se celebró un juicio en los méritos y se dictó sentencia a favor del demandante. El caso se encuentra ante nos en apelación de dicha sentencia.

El primer error señalado es la supuesta nulidad del diligenciado conteniendo la prueba demostrativa del diligenciamiento. No hay controversia alguna en cuanto a que los demandados fueron debidamente emplazados por César A. Pillot, una persona particular.

La Regla 4(*g*) de las Reglas de Enjuiciamiento Civil le exige a una persona particular que haga constar el diligenciamiento mediante declaración jurada. Sin embargo, por algún motivo inexplicado, la declaración jurada en cuanto a la prueba del diligenciamiento fué hecha por el demandante y no por Pillot, quien fué la persona que diligenció el emplazamiento.

Después de disponer en cuanto a la prueba del diligenciamiento mediante declaración jurada, la Regla 4(*g*) sigue

prescribiendo: "El dejar de presentar prueba del diligenciamiento no afecta su validez." Esto se incluyó en dicha Regla "para impedir que un demandado, que ha sido emplazado, ataque la validez de dicho emplazamiento por el tecnicismo de que la persona que lo emplazó no hizo constar tal hecho." 1 Moore's *Federal Practice,* sec. 4.39, pág. 364; *Peeples* v. *Ramspacher,* 29 F. Supp. 632, (S.C., 1939). Los demandados no niegan que como cuestión de hecho fueron emplazados por Pillot. El no haber radicado prueba de tal emplazamiento en su consecuencia no afecta la validez del mismo bajo la Regla 4(*g*).

En 1944 había en Humacao una unión conocida como la Unión Local de Estibadores Núm. 1584, afiliada a la Asociación Internacional de Estibadores (I.L.A.), Distrito de Puerto Rico. Esta era dueña de la casa y solar aquí enuveltos. El 27 de noviembre de 1944, en una supuesta asamblea de esta unión, se aprobó una resolución dando por terminada su afiliación con la I.L.A. y convirtiéndose en una unión independiente. En otra supuesta asamblea celebrada el 9 de diciembre de 1944 la unión decidió afiliarse a la Unión de Empleados de Muelles de la C.G.T.

El segundo error está dirigido al alegado fallo de la corte de distrito al efecto de que estas reuniones tuvieron lugar y de que dichas resoluciones fueron aprobadas legalmente. La contención de los apelantes es que dichas resoluciones eran nulas porque las asambleas en que se aprobaron fueron celebradas sin quórum.

Este error sería importante si tuviéramos que determinar el título o el derecho a la posesión. Pero aquí tenemos que averiguar solamente si el demandante y el grupo que él representa—la unión de la C.G.T.—estaban en posesión de la propiedad aquí envuelta dentro del año precedente a la radicación de la demanda. Aun cuando el grupo representado por el demandante no sea el sucesor legal de la

Unión Núm. 1584 y sea un grupo diferente que en 1944 se separó de la Local Núm. 1584, el demandante no obstante debe resultar victorioso si él y su grupo estaban, dentro de un año antes de noviembre 7 de 1945, en posesión de la casa que se admite perteneció a la Local Núm. 1584 antes de que surgiera la controversia entre estos dos grupos.

La corte de distrito resolvió correctamente que este caso no es el recurso adecuado para determinar si las asambleas fueron celebradas legalmente y si las resoluciones fueron válidamente aprobadas. Según indica la corte inferior, la única cuestión aquí envuelta es si el demandante y la nueva unión habían estado en posesión física según se alegaba en la demanda.

No podemos convenir en que se cometió el segundo error porque (1) la corte inferior no llegó a conclusión alguna en cuanto a la legalidad de las asambleas y resoluciones, y porque (2) aun cuando lo hubiera hecho, dicho fallo sería irrelevante a los fines de este caso.

Los apelantes señalan como su tercer error la actuación de la corte de distrito al admitir en evidencia copia de la carta de afiliación de la Unión de Empleados de Muelles de Puerto Rico con la C.G.T. Estamos satisfechos en que se explicó suficientemente la razón por qué no se traía el original: éste estaba en la casa aquí envuelta de la cual el demandante alegaba había sido desposeído. Además, por los motivos expuestos al considerar el segundo error, en este caso nada tenemos que ver con la cuestión del *status* de las dos uniones, incluyendo los términos de sus respectivas cartas de afiliación.

■ El cuarto señalamiento llega a la médula del caso. Alegan los apelantes que la corte inferior cometió error al resolver que la Unión de la Industria Marítima estaba en posesión física de la propiedad dentro de un año precedente a la radicación de la demanda. Expondremos primeramente los hechos incontrovertidos. La Unión Local Núm. 1584 ha

existido desde 1938. En 1942, debido a la guerra, se cerraron todos los puertos abiertos de Puerto Rico, incluyendo el de Punta Santiago en Humacao. Estos permanecieron cerrados hasta abril de 1945. Los miembros de estos dos grupos fueron obligados a buscar trabajo en otro sitio. Como resultado de ello, durante este período hubo muy poca actividad en lo que. se refiere a las uniones. En agosto de 1945, el grupo que todavía se llamaba a sí mismo Local Núm. 1584, convocó para una asamblea general en la casa en cuestión, pero no pudo obtener la llave. Por tanto, rompieron el candado, instalaron uno nuevo, celebraron su asamblea y desde entonces han estado en posesión de la propiedad.

Sin embargo, hubo conflicto en la evidencia en cuanto a si el demandante estaba en posesión de la llave en agosto, 1945, y en cuanto a si él era Presidente del grupo de la C.G.T. en dicha fecha. Pero hubo evidencia a este efecto, creída por la corte de distrito. Y nada hay en el récord que justifique que intervengamos con la conclusión de la corte de distrito sobre este particular.

No puede negarse que la evidencia que hay en el récord en relación con la posesión del demandante y de la nueva unión no es abundante. Pero es suficiente para justificar la conclusión de la corte inferior de que "La llave de la casa en litigio la tenía el demandante y en ella continuó celebrando sus reuniones la Unión de la Industria Marítima desde diciembre de 1944 hasta el día 26 de agosto de 1945." Esto contrasta con el fallo de la corte inferior, también basado en evidencia adecuada, al efecto de que entre diciembre de 1944 y agosto 26, 1945, el grupo que permaneció con la Unión Local Núm. 1548, nunca se reunió en esta casa después de diciembre de 1944, sino que lo hizo en casa del demandado Nicolás Colón. En vista del hecho de que una unión era dueña del edificio y por tanto éste se usaba sólo esporádicamente, convenimos con la corte de distrito en que

estos hechos constituyeron posesión física del demandante y su unión, a los fines de este pleito, dentro de un año precedente a la radicación de la demanda.

■ El quinto error consiste en que la evidencia no identificó la casa suficientemente. Los demandados admiten que la propiedad fué descrita adecuadamente en la demanda. En su contestación los demandados admitieron que ellos estaban en posesión de la propiedad según ésta aparecía descrita. Por tanto no vemos motivo alguno para que fuera necesaria alguna evidencia en relación con la identidad de la propiedad, cuestión que nunca levantaron los demandados en sus alegaciones. La sentencia, que describía la propiedad según ésta aparecía de la demanda, estuvo justificada a la luz de las alegaciones.

*La sentencia de la corte de distrito será confirmada.*