Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **ISLAND PORTFOLIO SERVICES, LLC COMO AGENTE DE ACE ONE FUNDING, LLC**<br><br>Apelante<br><br>v.<br><br>**LIZ Y. PADILLA NEGRON**<br><br>Apelada | KLAN202400530 | ***APELACIÓN*** procedente del Tribunal de Primera Instancia Sala Superior de **Bayamón**<br><br>Caso Número: TA2023CV00850<br><br>Sobre: **Cobro de Dinero – Ordinario** |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio.

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de agosto de 2024.

Comparece ante nos Island Portfolio Services, LLC, en adelante, IPS o apelante, solicitando que revisemos la *"Sentencia"* notificada por el Tribunal de Primera Instancia, Sala de Bayamón, en adelante TPI-Bayamón, el 16 de abril de 2024. En la misma, el Foro Apelado desestimó la *"Demanda"* por cobro de dinero incoada por el apelante, el 16 de agosto de 2023.

Por los fundamentos que expondremos a continuación, *revocamos* la *"Sentencia"* apelada.

**I.**

El 16 de agosto de 2023, IPS demandó a Liz Padilla Negrón, en adelante, Padilla Negrón o apelada, en cobro de dinero.[1] En su petitorio, el apelante solicitó que el Foro Primario señalara vista al amparo de la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60,

---

[1] Apéndice del recurso, pág. 1.

Número Identificador

SEN2024 _____

y ordenara a la apelada, a pagar la cantidad de $5,000.00.[2] En su *"Demanda"* IPS indicó ser el acreedor de la cuenta número 1066190216, de quien Padilla Negrón es alegadamente deudora. Ese mismo día, la Secretaría del Foro Apelado emitió la *"Notificación y Citación sobre Cobro de Dinero"* a la apelada.[3] En la misma, el juicio bajo la precitada regla quedó señalado para el 19 de octubre de 2023.

Sin embargo, el 4 de octubre de 2023, IPS notificó al TPI-Bayamón, mediante moción, que de la hoja de rastreo de la citación expedida a Padilla Negrón surge que la misma no fue reclamada por la apelada.[4] Por ello, el Foro Primario dejó sin efecto la vista señalada para el 19 de octubre de 2023, y le concedió diez (10) días a la apelante para someter un nuevo proyecto de citación, el cual fue sometido el mismo día por IPS.[5]

Más adelante, el 28 de noviembre de 2023, el apelante se vio obligado a presentar una *"Solicitud de Conversión de Procedimientos y Autorización para Emplazar por Edicto"*, ya que la demandada no había podido ser contactada y emplazada.[6] Así las cosas, el TPI-Bayamón emitió una *"Orden Autorizando Emplazamiento por Edicto"* y la conversión de los procedimientos a la vía ordinaria el mismo día.[7] En cumplimiento, el 31 de enero de 2024, el edicto en cuestión fue publicado en *The San Juan Star Daily*.[8]

Posteriormente, el 2 de abril de 2024, el TPI-Bayamón emitió una *"Orden"* para que el apelante evidenciara en diez (10) días el cumplimiento con el emplazamiento por edicto a Padilla Negrón.[9] Aduce IPS que la representación legal del apelante no pudo

---

[2] Apéndice del recurso, pág. 2.
[3] *Id.* pág. 3.
[4] *Id.* pág. 23.
[5] *Id.* pág. 27.
[6] *Id.* pág. 36.
[7] *Id.* pág. 41.
[8] *Id.* pág. 49.
[9] *Id.* pág. 44.

evidenciar el mismo, por una situación de salud. Aun así, el 16 de abril de 2024, el Foro Apelado emitió una *"Sentencia"* en la que desestimó sin perjuicio la causa de acción de IPS.[10] Razonó que el apelante incumplió al no expedir el emplazamiento por edicto en los 120 días que dispone el ordenamiento jurídico, en conformidad con la Regla 4.3 (c) de las Reglas de Procedimiento Civil, supra.

En consecuencia, el 17 de abril de 2024, IPS radicó una *"Moción en Cumplimiento de Orden"*, en la que anejó evidencia del emplazamiento por edicto, publicado *dentro del término* dispuesto en las Reglas de Procedimiento Civil, supra.[11] Por ello, solicitó al Foro Primario que diera por cumplida la orden emitida.

No obstante, nos arguye IPS que el Foro *a quo* no se expresó al respecto. Por ello, el 30 de abril de 2024, el apelante presentó una *"Moción de Reconsideración"*.[12] La misma fue declarada "No Ha Lugar" por el TPI-Bayamón, el 1 de mayo de 2024.

Unos días más tarde, el 8 de mayo de 2024, IPS radicó una *"Moción para unirse a Representación Legal en torno a Resolución del 1 de mayo de 2024"*, en la que un nuevo abogado solicitó unirse a la representación legal del caso de epígrafe.[13] Además, insistió que la desestimación era contraria a derecho. Sin embargo, el 9 de mayo de 2024, el TPI-Bayamón emitió una *"Orden"* en la que aceptó la representación legal, pero indicó que no tenía nada que proveer en cuanto a lo demás.

Así las cosas, el 30 de mayo de 2024, IPS presentó ante esta Curia un recurso de *"Apelación"*. En el mismo, hizo el siguiente señalamiento de error:

> INCIDIÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR EL CASO DE CONFORMIDAD CON LA REGLA 4.7 DE PROCEDIMIENTO CIVIL, PUES LA

---

[10] Apéndice del recurso, pág. 46.
[11] *Id.* pág. 48.
[12] *Id.* pág. 57.
[13] *Id.* pág. 63.

PROPIA REGLA ESTABLECE QUE LA OMISIÓN DE PRESENTAR PRUEBA DEL DILIGENCIAMIENTO DE UN EMPLAZAMIENTO NO SURTIRÁ EFECTOS EN CUANTO A SU VALIDEZ.

Mediante *"Resolución"* del 4 de junio de 2024, este Tribunal concedió a la parte apelada hasta el 1 de julio de 2024 para presentar su posición en cuanto al recurso, conforme a lo dispuesto en la Regla 22 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 22. No habiendo comparecido Padilla Torres en el término dispuesto por este Foro, procedemos a resolver con el expediente que obra en autos.

## II.

### A. Apelación

Las Reglas de Procedimiento Civil se desenvuelven en un orden lógico, natural y armonioso entre sí. Este orden queda demostrado en las distintas etapas de un litigio (alegaciones, mociones, descubrimiento de prueba, vistas evidenciarias, sentencia, reconsideración, apelación) y sus efectos escalonados. Cada etapa se sirve de la anterior y se proyecta, entonces, para la próxima. *Vega v. Alicea*, 145 DPR 236, 238 (1998).

La etapa de la apelación se perfecciona con la presentación oportuna de un escrito conforme a las formalidades establecidas en nuestro estado de derecho, que incluye su debida notificación a las partes. El recurso de apelación es aquel "que se presenta ante el foro apelativo intermedio cuando se solicita la revisión de una sentencia, o un dictamen final, emitido por el Tribunal de Primera Instancia". *González Pagán v. SLG Moret-Brunet*, 202 DPR 1062, 1070-1071 (2019); Regla 52.1 y 52.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 y R. 52.2. Véase R. Hernández Colón, Práctica Jurídica de Puerto Rico: Derecho Procesal Civil, 6ta Ed., San Juan, Ed. Lexis Nexis, 2017, pág. 519.

La apelación no es un recurso discrecional como en los casos de certiorari. Una vez se cumpla con los requisitos jurisdiccionales y de perfeccionamiento del recurso, el Tribunal de Apelaciones viene obligado a atender el asunto y resolverlo en sus méritos, de forma fundamentada. *Soc. de Gananciales v. García Robles,* 142 DPR 241, 252 (1997). En ese sentido, reconocemos que existe el derecho estatutario para acudir en apelación ante el Tribunal de Apelaciones cuestionando toda sentencia final emitida por el Tribunal de Primera Instancia. *Silva Barreto v. Tejada Martell,* 199 DPR 311, 317 (2017).

Al revisar una determinación de un foro de menor jerarquía, los tribunales revisores tenemos la tarea principal de auscultar si se aplicó correctamente el derecho a los hechos particulares del caso. Como regla general, los foros apelativos no tenemos facultad para sustituir las determinaciones de hechos del tribunal de instancia con nuestras propias apreciaciones. *W.M.M. P.F.M., et al. v. Colegio et al.,* 211 DPR 871, 902-903 (2023); *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 770-771 (2013); *Serrano Muñoz v. Auxilio Mutuo,* 171 DPR 717, 741 (2007).

### B. Emplazamiento

Reiteradamente, nuestro Alto Foro ha expresado que, como regla general, nuestro ordenamiento jurídico reconoce el emplazamiento como el mecanismo procesal mediante el cual un Tribunal adquiere jurisdicción *in personam. Ross Valedón v. Hosp. Dr. Susoni, et al.,* 2024 TSPR 10, 213 DPR ___ (2024); *Martajeva v. Ferré Morris y otros,* 210 DPR 612 (2022); *SLG Rivera-Pérez v. SLG Díaz-Doe et al.,* 207 DPR 636, 646-647 (2021); *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 644 (2018); *Torres Zayas v. Montano Gómez et als.,* 199 DPR 458, 467 (2017). El propósito del emplazamiento es notificarle a la persona demandada que se ha

presentado una acción judicial en su contra, a la vez que se le llama para que ejerza su derecho a ser oída y defenderse. Id.

Como "el emplazamiento se mueve dentro del campo del Derecho constitucional", nuestro ordenamiento jurídico ha requerido el cumplimiento estricto de una serie de requisitos para su eficacia. *SLG Rivera-Pérez v. SLG Díaz-Doe et al.,* supra, pág. 647, citando a R. Hernández Colón, *Derecho Procesal Civil,* 6ta ed., San Juan, Ed. Lexis Nexis, 2017, pág. 257. Emplazar conforme a derecho, supone dar estricto cumplimiento a los requisitos dispuestos en las Reglas de Procedimiento Civil, supra. Resulta importante destacar que la Regla 4.3 de Procedimiento Civil, supra, dispone que el emplazamiento debe ser "diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto". *Ross Valedón v. Hosp. Dr. Susoni, et al.*, supra.

Por otro lado, una persona demandada puede ser emplazada personalmente o, por vía de excepción, *mediante edicto.* La Regla 4.6 de Procedimiento Civil, supra, indica que se podrá emplazar a una parte mediante edicto cuando: (1) la persona a ser emplazada esté fuera de Puerto Rico; (2) ***el demandado se encuentra en Puerto Rico, pero no pudo ser localizado a pesar de las diligencias pertinentes***; (3) la persona se oculte para no ser emplazada; o (3) se trate de una corporación extranjera sin agente residente. Es importante señalar que los requisitos del emplazamiento por edicto son de estricto cumplimiento. *Sánchez Ruiz v. Higueras Pérez,* 203 DPR 982, 988 (2020); *Medina Garay v. Medina Garay,* 161 DPR 806, 818-819 (2004).

Ahora bien, una vez se autoriza a emplazar mediante edicto, el demandante, dentro de los diez (10) días siguientes a la publicación del edicto, deberá enviarle al demandado una copia del emplazamiento y la demanda a su última dirección física o postal

conocida. Regla 4.6 de Procedimiento Civil, supra. También, relevante al caso ante nos, puntualizamos el siguiente texto de la Regla 4.7 de Procedimiento Civil, supra:

> En el caso comprendido en la Regla 4.6, se presentará el acuse de recibo de la parte demandada. La omisión de presentar prueba del diligenciamiento *no surtirá efectos en cuanto a su validez.*

(Énfasis nuestro).

La validez de un emplazamiento que no fue notificado al Tribunal a tiempo es un entendido jurídico que se remonta al Código de Enjuiciamiento Civil, 32 LPRA sec. 253 et seq. En su derogada Regla 4(g), el precitado código señalaba que "dejar de presentar prueba del diligenciamiento no afecta su validez". *Maldonado v. Colón*, 68 DPR 340, 342 (1948). Lo cierto es que nuestro Tribunal Supremo ha ratificado esta norma desde el 1948, en donde indicó que esta práctica tiene el propósito de impedir que un demandado impugne la validez de su emplazamiento, porque el demandante no presentó prueba del mismo. Id. Véase, además, *Ross Valedón v. Hosp. Dr. Susoni et al.*, supra; *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 26 (1993).

En el caso *Ross Valedón v. Hosp. Dr. Susoni et al.*, supra, nuestro Alto Foro reconoce que la validez de un emplazamiento no evidenciado impide, no obstante, que el Tribunal continue con los procedimientos. A estos efectos, cita al tratadista Rafael Hernández Colón, y expone que "[e]l que no se haya presentado prueba en autos sobre el diligenciamiento debidamente practicado en un caso no afecta la validez de ese diligenciamiento. Sin embargo, la corte no podrá actuar válidamente hasta tanto se acredite en los autos el diligenciamiento". R. Hernández Colón, *Derecho Procesal Civil,* supra, págs. 276-277.

**III.**

IPS recurre ante esta Curia, solicitando que revoquemos la desestimación con perjuicio, dictada mediante *"Sentencia"*, por el TPI-Bayamón. Alega que el Foro Apelado se equivocó al recusar su causa de acción, por no haber notificado el emplazamiento por edicto en el término provisto. Arguye el apelante que esta no es una razón válida en derecho para ello, máxime cuando el diligenciamiento en cuestión sí fue realizado dentro de los 120 días proscritos en la Ley. *Le asiste razón.*

Según la normativa esbozada previamente, las Reglas de Procedimiento Civil, supra, regulan el ejercicio de emplazar a una parte. En este caso, luego de hacer las gestiones pertinentes, sin éxito, de emplazar a Padilla Negrón, el TPI-Bayamón autorizó al apelante a emplazar por edicto el 28 de noviembre de 2023. Por ello, los 120 días para el emplazamiento vencían el 27 de marzo de 2024.

Del expediente surge que IPS emplazó mediante edicto el 31 de enero de 2024, en cumplimiento con el término dispuesto. Sin embargo, cuando el apelante incumplió con la orden del 2 de abril de 2024, para evidenciar el cumplimiento con el emplazamiento por edicto, el Foro *a quo* desestimó la *"Demanda"* de epígrafe. Sin embargo, al próximo día, IPS radicó una moción en la que evidenció el emplazamiento por edicto y explicó por qué incumplió con la orden del 2 de abril de 2024. El Foro Apelado sostuvo su determinación.

Luego de evaluar el expediente ante nos, y el derecho que circunscribe la controversia planteada, *nos vemos obligados a revocar la determinación apelada.* Nuestro ordenamiento jurídico ha reiterado – estatutaria y jurisprudencialmente – que cuando una parte no constate el emplazamiento en el tiempo establecido, pero posteriormente compruebe que el mismo fue realizado conforme a derecho, no deberá desestimarse su causa de acción.

Reconocemos que mientras el Foro Apelado no tenga prueba del diligenciamiento de un emplazamiento, no puede continuar con los procedimientos. Sin embargo, desestimar una demanda, luego de advenir en conocimiento de que la parte interpelada fue emplazada, es contrario a la Regla 4.6 de Procedimiento Civil, supra. Además, entendemos que es contrario al mandato de interpretación establecido en la Regla 1 de Procedimiento Civil, supra. La misma dispone que el análisis de las reglas de este cuerpo normativo debe estar encaminado a facilitar "el acceso a los tribunales y el manejo del proceso, de forma que garanticen una solución justa, rápida y económica de todo procedimiento".

## IV.

Por los fundamentos anteriormente esbozados, *revocamos* la *"Sentencia"* apelada, y *devolvemos el caso* al Foro Primario para la continuación de los procedimientos, en conformidad con lo aquí dispuesto.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones