ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **CLARA SANTIAGO ROSADO**<br><br>Apelante<br><br>v.<br><br>**CARLA CRISTAL NEGRÓN APONTE; JOHN DOE, ASEGURADORA ABC; MARIO DOE; ASEGURADORA XYZ**<br><br>Apelado | KLAN202401019 | **APELACION** procedente del Tribunal de Primera Instancia, Sala Superior de **Caguas**<br><br>Civil Núm.:<br>**CG2024CV00881**<br><br>Sobre:<br>Accidente de Tránsito |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de enero de 2025.

Comparece ante nos, mediante *Apelación*, la señora Clara Santiago Rosado (Sra. Santiago Rosado o Apelante) y nos solicita que revoquemos la *Sentencia*[1] emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI). Mediante la referida *Sentencia,* el TPI desestimó la *Demanda*[2] sobre daños y perjuicios presentada por la Sra. Santiago Rosado en contra de Carla Cristal Negrón Aponte (Sra. Negrón Aponte), y otros codemandados desconocidos, por incumplir con la Regla 4.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3, al no presentar prueba del diligenciamiento del emplazamiento dentro de los ciento veinte (120) días que dispone la Regla.

Por los fundamentos que discutiremos a continuación, revocamos la *Sentencia* emitida.

---

[1] Apéndice de *Apelación*, Anejo I, pág. 1. Notificada y archivada en autos el 17 de septiembre de 2024.
[2] *Íd.*, Anejo III, págs. 4-6.

**I.**

El caso de autos originó el 14 de marzo de 2024, luego de que la Sra. Santiago Rosado presentase ante el TPI una *Demanda* sobre daños y perjuicios en contra de la Sra. Negrón Aponte y otros codemandados desconocidos.[3] Según alegó la Sra. Santiago Rosado, para el 18 de marzo de 2023, ella era pasajera de un vehículo Toyota Yaris cuando el vehículo fue impactado por un Toyota Venza manejado por la Sra. Negrón Aponte.[4]

Debido a la magnitud del impacto, la Sra. Santiago Rosado fue transportada a la Unidad de Traumas del Centro Médico en Rio Piedras. Alegó que a causa del choque, la Apelante fue diagnosticada con una fractura de escapula izquierda, fractura de diez (10) costillas, fractura de pelvis y sacro lado izquierdo, menisco medial rodilla izquierda, hemorragia subaracnoidea, laceración del bazo grado 3, rabdomiólisis, colapso de pulmón y efusión en el pulmón.[5] Luego de ser dada de alta, alegó que sufrió de una infección de orina, por lo que fue transportada en ambulancia al Hospital Menonita, donde le hicieron un CT Scan y le diagnosticaron que tenía hemotórax en el pulmón izquierdo. Fue transportada al Centro Médico y le colocaron un tubo en el pecho para drenarle el pulmón. Por estos diagnósticos, alegó que fue hospitalizada por veinticinco (25) días, encamada por un (1) mes y medio y tuvo que ir a terapias para caminar bien.[6] Por los hechos y daños alegados, la Sra. Santiago Rosado demandó a la Sra. Negrón Aponte por $500,000.00 en daños físicos y mentales.[7]

Así las cosas, el 14 de marzo de 2024, el TPI expidió los emplazamientos de los codemandados, incluyendo la Sra. Negrón

---

[3] *Íd.*
[4] *Íd.*, pág. 5.
[5] *Íd.*
[6] *Íd.*
[7] *Íd.*, pág. 6.

Aponte.[8] Al transcurrir más de ciento veinte (120) días de haberse emitido el emplazamiento sin que la Sra. Santiago Rosado presentara evidencia del diligenciamiento del mismo en contra de la Sra. Negrón Aponte, el 16 de septiembre de 2024, el TPI desestimó la *Demanda* sin perjuicio, conforme a la Regla 4.3 (c) de Procedimiento Civil, *supra*, R. 4.3 (c).[9]

Inconforme, el 17 de septiembre de 2024, la parte Apelante presentó una *Moción de Reconsideración*[10] en la que indicó que, en efecto, diligenció el emplazamiento dentro del término dispuesto en las Reglas de Procedimiento Civil. Sostuvo que el 7 de mayo de 2024, emplazó personalmente a la Sra. Negrón Aponte, por lo que anejó copia del diligenciamiento firmado y jurado por el emplazador de la parte demandante.[11] Señaló que por error involuntario del abogado de la Sra. Santiago Rosado, no se presentó al TPI el emplazamiento diligenciado.[12] No obstante, el 16 de octubre de 2024, el TPI declaró No Ha Lugar la *Moción de Reconsideración.*[13]

El 24 de octubre de 2024, la Sra. Santiago Rosado presentó una segunda *Moción de Reconsideración & Relevo de Sentencia*, en la que nuevamente sostuvo que el TPI erró al desestimar la *Demanda.*[14] El 25 de octubre de 2024, el TPI sostuvo su determinación y declaró No Ha Lugar a la *Moción de Reconsideración & Relevo de Sentencia.*[15]

Ante las determinaciones del TPI, el 14 de noviembre de 2024, la parte apelante presentó la *Apelación* ante nuestra consideración, en la que presentó como único error que:

**ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE CAGUAS EN**

---

[8] Tomamos conocimiento judicial del caso CG2024CV00881 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 2.
[9] Apéndice, *supra*, Anejo I, pág. 1.
[10] *Íd*., Anejo IV, págs. 7-8.
[11] *Íd*., págs. 9-11.
[12] *Íd*., pág. 7.
[13] *Íd*., Anejo VI, pág. 12. Notificada y archivada en autos el 17 de octubre de 2024.
[14] *Íd*., Anejo VII, págs. 13-15.
[15] *Íd*., Anejo VIII, pág. 16.

**DESESTIMAR LA DEMANDA & NO RECONSIDERAR [LA] SENTENCIA.**

El 18 de diciembre de 2024, la parte apelada presentó una *Moción en Solicitud de Desestimación*. Mediante dicha comparecencia, señaló que el escrito de *Apelación* de la parte apelante incumple con la Regla 16 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 16. No obstante, tras considerar que el error cometido no fue grave y en aras de eliminar barreras que impidan un verdadero acceso a los tribunales de justicia, la declaramos No Ha Lugar.

## II.

El emplazamiento es el mecanismo procesal mediante el cual los tribunales de Puerto Rico adquieren jurisdicción sobre una parte en un juicio civil. "[E]s el paso inaugural del debido proceso de ley que permite el ejercicio de jurisdicción por el tribunal para adjudicar los derechos del demandado". *Pagán v. Rivera Burgos*, 113 DPR 750, 754 (1983). Su efecto práctico es que le "comunica al demandado la demanda presentada en su contra y se le requiere a comparecer en autos para formular la alegación que proceda". R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho procesal civil*, 6ª ed. rev., San Juan, Ed. LexisNexis de Puerto Rico, 2017, pág. 256.

Los pormenores del emplazamiento están tipificados por la Regla 4 de Procedimiento Civil, *supra*, R. 4, que detalla los mecanismos, términos y efectos del emplazamiento o de sus defectos. En lo concerniente al emplazamiento de una persona natural, las Reglas contemplan distintas formas para emplazar a una parte, dependiendo de las circunstancias particulares de cada caso. Aun así, existe una preferencia por parte de las Reglas procesales y la jurisprudencia aplicable a favor del emplazamiento personal, siendo los otros mecanismos la excepción o alternativas

luego de intentar emplazar personalmente. *Íd.*, Reglas 4.4 - 4.6; *Sánchez Ruiz v. Higuera Pérez et al,* 203 DPR 982 (2022).

Por otro lado, la Regla 4.3 (c) de Procedimiento Civil, *supra,* R. 4.3 (c), dispone del término que tiene una parte para diligenciar el emplazamiento. Su texto lee como sigue:

> **El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda** o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. **Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio.** Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

*Íd.* (Énfasis nuestro).

Por lo tanto, la parte demandante debe diligenciar el emplazamiento en ciento veinte (120) días. "[A]nte un primer incumplimiento con el término de 120 días para diligenciar los emplazamientos, los tribunales están obligados a dictar <u>prontamente</u> una sentencia decretando la desestimación y el archivo sin perjuicio de la reclamación judicial". *Ross Valedón v. Hosp. Dr. Susoni et al,* 2024 TSPR 10 en la pág. *6; 213 DPR ___ (2024). (Énfasis en la original). Dicha desestimación no es automática, por lo que el tribunal tiene a su disposición mecanismos para cerciorarse del diligenciamiento del emplazamiento. En este sentido, el Tribunal Supremo ha resuelto que "previo a dictar sentencia desestimando y ordenando el archivo sin perjuicio, **los tribunales deben realizar aquellas gestiones conducentes a cerciorarse de si, en efecto, el emplazamiento fue o no diligenciado dentro del término en cuestión**". *Íd.*, en la pág. *7. (Énfasis nuestro). Si luego de realizar estas gestiones el TPI determina que no tiene jurisdicción,

la desestimación se retrotrae a la culminación del término de ciento veinte (120) días.

Las expresiones del Tribunal Supremo en *Ross Valedón v. Hosp. Dr. Susoni et al, Íd.*, sugieren que la presentación del emplazamiento ante el TPI fuera del término dispuesto por la Regla 4.3 (c) de Procedimiento Civil, *supra*, R. 4.3 (c), no constituye causa para desestimar el caso. En apoyo a esta conclusión, la Regla 4.7 de Procedimiento Civil dispone que "[l]a omisión de presentar prueba del diligenciamiento **no surtirá efectos en cuanto a su validez**". *Íd.*, R. 4.7. (Énfasis nuestro). "El que no se haya presentado prueba en autos sobre el diligenciamiento debidamente practicado en un caso no afecta la validez de ese diligenciamiento. Sin embargo, la corte no podrá actuar válidamente hasta tanto se acredite en los autos el diligenciamiento". R. Hernández Colón, *op. cit.*, pág. 277; Véase además *Maldonado v. Colón*, 68 DPR 340 (1948).

> La omisión de presentar prueba de diligenciamiento no surtirá efecto en cuanto a su validez. **Esa posible omisión no puede tener la consecuencia de anular la efectividad del diligenciamiento del emplazamiento pues se debe limitar que una parte emplazada pueda atacar la calidez del emplazamiento por el simple tecnicismo de que la persona que lo efectuó no hizo constar adecuadamente ese hecho**.
>
> J.A. Echevarría Vargas, *Procedimiento civil puertorriqueño*, 3ª ed. rev., Colombia, Ed. Nomos S.A., 2023, pág. 90. (Énfasis nuestro).

No obstante lo anterior, la importancia del diligenciamiento del emplazamiento responde a que el demandado debe haber sido notificado debidamente de la demanda presentada en su contra y goza de las garantías constitucionales del debido proceso de ley. Así, las Reglas de Procedimiento Civil disponen que el emplazamiento no puede ser diligenciado por cualquier persona; este debe ser realizado por una persona que reúna los requisitos contenidos en las Reglas. Así, la Regla 4.3 (a) dispone que:

> El emplazamiento personal será diligenciado por el alguacil o alguacila, o por cualquiera otra persona que

no sea menor de dieciocho (18) años de edad, que sepa leer y escribir y que no sea la parte ni su abogado o abogada, ni sus parientes dentro del cuarto grado de consanguinidad o segundo de afinidad, ni tenga interés en el pleito.

*Íd.*, R. 4.3 (a).

Al diligenciar el emplazamiento, el emplazador deberá hacer "constar al dorso de la copia del emplazamiento sobre su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega". *Íd.*, R. 4.4. Al cumplir con los procedimientos establecidos por las Reglas 4.3 (a) y 4.4, el emplazador, cuando se trate de una persona particular y no de un alguacil del tribunal, deberá presentar una declaración jurada a esos efectos. *Íd.*, R. 4.7. Si la parte demandada entiende que el emplazamiento es defectuoso, esta debe levantarlo mediante una moción al amparo de la Regla 10.2 de Procedimiento Civil, *Íd.*, R. 10.2, antes de contestar la demanda presentada, puesto que, al comparecer voluntariamente, se suple cualquier omisión en el emplazamiento. *Vázquez v. López*, 160 DPR 714, 721 (2003).

### III.

Discutido el derecho aplicable, nos encontramos en posición para resolver la controversia señalada.

En primer lugar, este Tribunal debe determinar si el requisito procesal dispuesto por la Regla 4.3 de Procedimiento Civil, *supra*, R. 4.3, se cumple cuando la parte demandante diligencie el emplazamiento o si se cumple luego de que la parte demandante presente ante el Tribunal de Primera Instancia el emplazamiento diligenciado. Conforme el derecho aplicable anteriormente discutido, surge con toda claridad que el término de ciento veinte (120) días que dispone la Regla 4.3 (c) de Procedimiento Civil aplica únicamente al diligenciamiento del emplazamiento y no a la presentación del emplazamiento diligenciado ante el TPI. Por lo tanto, la Sra. Santiago Rosado tenía ciento veinte (120) días desde

que el TPI expidió el emplazamiento para emplazar a la parte demandada.

Como el emplazamiento fue expedido el 14 de marzo de 2024, dicho término concluía el 12 de julio de 2024. Según el diligenciamiento del emplazamiento presentado el 17 de septiembre de 2024 como anejo de la *Moción de Reconsideración*, el emplazamiento fue diligenciado el 7 de mayo de 2024, dentro del término dispuesto en la Regla 4.3 (c) de Procedimiento Civil. Conforme a la Regla 4.7 de Procedimiento Civil, el hecho de que no se haya presentado el emplazamiento diligenciado no afecta la validez del emplazamiento, pues la Regla no hace distinción entre que se presente el diligenciamiento del emplazamiento dentro o fuera del término. En consecuencia, se cometió el error señalado.

**IV.**

Por los fundamentos discutidos anteriormente, revocamos la *Sentencia* emitida y devolvemos el caso al TPI para que continúen los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones