Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| R & R HEAVY SERVICES LLC<br><br>Recurrido<br><br>V.<br><br>ASOCIACIÓN DE RESIDENTES DE LA URBANIZACIÓN MONTE ALTO, INC.; **JUNTA DE DIRECTORES URBANIZACIÓN MONTE ALTO**; COMPAÑÍAS ASEGURADORAS X, Y, Z, FULANO DE TAL Y MENGANO MAS CUAL<br><br>Peticionarios | TA2025CE00217 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Gurabo<br><br>Caso Núm.: GR2024CV00287<br><br>Sobre: Cobro de Dinero por la Vía Ordinaria |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de septiembre de 2025.

El 30 de julio de 2025, compareció ante este Tribunal de Apelaciones, la Junta de Directores de la Urbanización Monte Alto (en adelante, Junta de Directores o peticionaria), mediante recurso de *Certiorari*. Por medio de este, nos solicita la revocación de la *Resolución* emitida y notificada el 5 de febrero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Gurabo. En virtud del aludido dictamen, el foro *a quo*, declaró *No Ha Lugar* la solicitud de desestimación presentada por la Junta de Directores.

Adelantamos que, por los fundamentos que expondremos a continuación, se desestima el recurso de *Certiorari*. No sin antes, imponer a la Junta de Directores una sanción económica por la suma de $2,000.00, a favor de la parte recurrida, por su conducta temeraria y frívola al incoar este proceso apelativo. La sanción

deberá ser satisfecha en un periodo de diez (10) días, contados a partir de la notificación de esta *Resolución*. Una vez realizado el pago, la Junta de Directores deberá acreditar su cumplimiento en un término no mayor de cinco (5) días.

**I**

A continuación, reseñamos los hechos pertinentes a la controversia ante nuestra consideración.

El 28 de agosto de 2024, R&R Heavy Services, LLC (en adelante, R&R o recurrido), presentó una *Demanda* por cobro de dinero por la vía ordinaria, contra la Junta de Directores, la Asociación de Residentes de la Urbanización Monte Alto, Inc. (en adelante, la Asociación), y otros.[1] A grandes rasgos, R&R adujo que, la Junta de Directores y la Asociación le adeudaban una suma de $84,276.30, por concepto de unas obras acordadas y certificadas, relacionadas a la instalación de una tubería subterránea.

Transcurrido casi un mes de la presentación de la demanda, el 27 de septiembre de 2024, R&R presentó un escrito intitulado *Moción Informativa y Solicitud [para] que se Expidan Emplazamientos a las Partes Codemandadas*.[2] Por medio de este, acompañó los proyectos de emplazamientos.

El 30 de septiembre de 2024, notificada el 3 de octubre de 2024, el foro primario emitió *Orden*, a los fines de que, la Secretaría expidiera los emplazamientos en cuestión.[3]

En cumplimiento, el 3 de octubre de 2024, la Secretaría del tribunal recurrido expidió los emplazamientos correspondientes.[4]

Así las cosas, 19 de diciembre de 2024, la Junta de Directores compareció mediante *Moción Asumiendo Representación Legal y Solicitando Prórroga*.[5] En lo que concierne, la peticionaria solicitó

---

[1] Apéndice del recurso de *certiorari*, entrada número 1.
[2] *Íd.*, entrada número 2.
[3] *Íd.*, entrada número 5.
[4] *Íd.*, entrada número 4.
[5] *Íd.*, entrada número 6.

una prórroga de treinta (30) días para presentar su contestación a la demanda.

En atención a ello, el 20 de diciembre de 2024, notificada el 23 de diciembre de 2024, el tribunal *a quo* emitió *Orden*, concediendo la prórroga solicitada por la Junta de Directores.[6]

Más adelante, el 14 de enero de 2025, la Junta de Directores presentó *Desestimación por Ausencia de Jurisdicción y/o Falta de Parte Indispensable.*[7] Por medio de esta, arguyó que, el Tribunal no había adquirido jurisdicción sobre las partes demandadas, por lo que procedía la desestimación del pleito. Detalló que, el término para emplazar a las partes había vencido el 26 de diciembre de 2024, y R&R no había demostrado que los emplazamientos hubiesen sido diligenciados.

El mismo 14 de enero de 2025, R&R instó *Moción al Expediente Judicial e Informativa.*[8] A través de esta, informó que los emplazamientos habían sido diligenciados oportunamente. Precisó que, en el caso particular de la Asociación y la Junta de Directores, los emplazamientos se habían diligenciado el 22 de noviembre de 2024. Junto a su moción, la parte recurrida anejó las certificaciones de diligenciamiento debidamente suscritas.[9] Por último, excusó que, la prueba del diligenciamiento no había sido cargada antes por error e inadvertencia.

El 14 de enero de 2025, notificada el 16 de enero del mismo año, el foro recurrido concedió un término de veinte (20) días a R&R para que se expresara sobre la moción dispositiva.[10]

Transcurrido el plazo concedido sin que R&R se expresara sobre la desestimación, el 5 de febrero de 2025, el tribunal recurrido

---

[6] *Íd.*, entrada número 7.
[7] *Íd.*, entrada número 8.
[8] *Íd.*, entrada número 9.
[9] *Íd.*, anejos A y B.
[10] Apéndice del recurso de *certiorari*, entrada número 10.

declaró *No Ha Lugar* la solicitud de desestimación.[11] El foro de instancia razonó que, los emplazamientos habían sido diligenciados oportunamente. Para fundamentar su decisión, puntualizó que, R&R había acreditado que, el 22 de noviembre de 2024, se habían diligenciado los emplazamientos tanto a la Junta de Directores como a la Asociación.

Cabe señalar que, en el ínterin, específicamente el 31 de enero de 2025, la Junta de Directores instó escrito intitulado *Reiterando Desestimación en Oposición a Anotación de Rebeldía*, reafirmando su argumento.[12]

En desacuerdo con la determinación del foro primario, el 10 de febrero de 2025, la Junta de Directores presentó *Reconsideración por Ausencia Total de Jurisdicción y Falta de Parte Indispensable Consejo de Titulares*.[13] Por un lado, adujo que, en vista de que R&R no había presentado la evidencia del diligenciamiento del emplazamiento dentro del término de 120 días, la demanda debía ser desestimada. En detalle, adujo que:

> En este caso planteamos de entrada que el hecho de que no se presentara la evidencia del emplazamiento dentro del término de 120 días de la Junta y de la Asociación, priva al Tribunal de Jurisdicción ya que el procedimiento tiene que ser perfecto.
>
> [...]
>
> Lo cierto es que en este caso la Demandante en incumplimiento con la Regla 4.6 y 4.7 de Procedimiento Civil presentó evidencia tardía de alegadamente haber emplazado a la Junta de Directores y al ente corporativo Asociación De Residentes Urbanización Alto, Inc. De entrada la presentación tardía del supuesto hecho del emplazamiento implica la desestimación y por ello es que de entrada así se solicita.[14]

Adicionalmente, insistió en que, R&R no había emplazado a la Asociación, por lo que no había adquirido jurisdicción sobre esta.

---

[11] *Íd.*, entrada número 17.
[12] *Íd.*, entrada número 13.
[13] *Íd.*, entrada número 20.
[14] *Íd.*, págs. 2-3.

De otra parte, la Junta de Directores argumentó que, la desestimación del pleito resultaba mandatoria por falta de parte indispensable. Adujo que, de conformidad al ordenamiento jurídico, el Consejo de Titulares era parte indispensable en el pleito y ni siquiera había sido en las alegaciones de la demanda.

En la misma fecha, R&R se opuso mediante *Moción en Oposición a Reconsideración por Ausencia Total de Jurisdicción y Falta de Parte Indispensable Consejo de Titulares*.[15] En primer orden, esgrimió que, la Junta de Directores incurría en una imputación irrazonable, falsa y temeraria al esbozar que, los emplazamientos no habían sido diligenciados dentro del término de 120 días. Precisó que, ya había evidenciado al foro recurrido el diligenciamiento de los emplazamientos.

Adicionalmente, sostuvo que, la Regla 4.3 de Procedimiento Civil, 32 LPRA Ap. V. R. 4.3, no exigía que la evidencia del diligenciamiento de los emplazamientos se presentara dentro del término de 120 días, para que este fuese válido.

Por último, adujo que, el Consejo de Titulares no había sido incluido como parte de la demanda puesto que no fue quien contrató con R&R para los trabajos realizados. Añadió que, del contenido de la demanda se desprendía que, había mantenido la posibilidad de incorporar más partes al proceso judicial.

Atendidos los escritos de las partes, el 1ro de julio de 2025, notificada al próximo día, el Tribunal de Primera Instancia declaró *No Ha Lugar* la solicitud de reconsideración.[16] Así, el foro recurrido mantuvo su dictamen anterior y ordenó la continuación de los procedimientos.

---

[15] *Íd.*, entrada número 21.
[16] *Íd.*, entrada número 22.

Inconforme aún, el 30 de julio de 2025, la Junta de Directores compareció ante este foro revisor mediante el recurso de *Certiorari* que nos ocupa y esgrimió los siguientes señalamientos de error:

(1) Erró el Honorable Tribunal de Primera Instancia y actuó contrario a derecho, al denegar la desestimación del caso cuando existe clara falta de parte indispensable al no incluirse al Consejo de Titulares.

(2) Erró el Honorable Tribunal de Primera Instancia y actuó contrario a derecho, al denegar la desestimación del caso cuando existe clara falta de parte indispensable e incumplimiento con el término de 120 días para emplazar.

Transcurrido el término provisto por el ordenamiento jurídico sin que la parte recurrida compareciera, el 12 de septiembre de 2025, notificada el 15 del mismo mes y año, emitimos *Resolución*, dando por perfeccionado el auto de *certiorari*.

Así, procedemos a disponer del recurso ante nuestra consideración.

## II

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[17]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas".

---

[17] Véase también *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

*Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A)  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)  Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F)  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G)  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

Por otro lado, a partir del 1 de julio de 2010, se realizó un cambio respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia

mediante recurso de *certiorari*. A tal fin, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la precitada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de

discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. V. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. Emplazamiento

Como es sabido, el emplazamiento es el mecanismo procesal que permite al Tribunal adquirir jurisdicción sobre la persona del demandado, para que este quede obligado por el dictamen que, en su día, emita el foro judicial. *Cirino González v. Adm. Corrección, et al.,* 190 DPR 14, 30 (2014); *Martajeva v. Ferre Morris*, 210 DPR 612 (2022); *Rivera Torres v. Díaz López,* 207 DPR 636, 646-647 (2021); *Pérez Quiles v. Santiago Cintrón,* 206 DPR 379, 384 (2021); *Banco Popular v. S.L.G. Negrón,* 164 DPR 855, 863 (2005); *Márquez v. Barreto,* 143 DPR 137, 142 (1997). Dicho mecanismo procesal es parte esencial del debido proceso de ley, pues su propósito principal es notificar a la parte demandada que existe una acción judicial en su contra. De esta manera, la parte puede comparecer en el procedimiento, ser oído y presentar prueba a su favor. *Martajeva v. Ferre Morris*, supra, pág. 620; *Rivera Torres v. Díaz López,* supra, pág. 647; *Pérez Quiles v. Santiago Cintrón*, supra, pág. 384; *Banco Popular v. S.L.G. Negrón,* supra, pág. 863; *Global v. Salaam,* 164 DPR 474, 480 (2005); *Datiz v. Hospital Episcopal,* 163 DPR 10, 15 (2004); *Medina v. Medina,* 161 DPR 806 (2004). Por lo tanto, su adulteración constituye una flagrante violación al trato justo. *Lucero v. San Juan Star*, 159 DPR 494, 507 (2003); *Reyes v. Oriental Fed. Savs. Bank,* 133 DPR 15, 22 (1993). *Torres Zayas v. Montano Gómez, et als.,* 199 DPR 458, 467 (2017).

Conforme a lo anterior, no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser

considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal. Véanse: *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854 (2015); *Medina v. Medina, supra*; *Acosta v. ABC, Inc.*, 142 DPR 927 (1997). (Énfasis en el original). *Torres Zayas v. Montano Gómez, et als.*, supra, pág. 467.

En nuestro ordenamiento jurídico, la figura del emplazamiento está regulada por la Regla 4 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4. En particular, dicho precepto legal dispone que una parte que interese demandar a otra deberá presentar el formulario de emplazamiento conjuntamente con la demanda para que el Secretario o Secretaria del Tribunal lo expida inmediatamente. Regla 4.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4.1. Una vez expedido el emplazamiento, la parte que lo solicita cuenta con 120 días para poder diligenciarlo. Lo anterior, a partir del momento en que se presenta la demanda o de la fecha de expedición del emplazamiento por edicto. Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c). En caso de que transcurra el referido término de 120 días y éste no se diligencie, el tribunal deberá dictar sentencia en la que decrete su desestimación y archivo sin perjuicio del caso ante su consideración. *Id. Torres Zayas v. Montano Gómez, et als.*, supra, págs. 467-468; *Martajeva v. Ferre Morris*, supra, pág. 621.

Por otro lado, la Regla 4.7 del mismo cuerpo legal, 32 LPRA Ap. V, R. 4.7, dispone que, la persona que diligencie el emplazamiento deberá presentar la constancia al Tribunal de Primera Instancia de que se realizó dentro del término correspondiente. En específico, el referido estatuto dispone lo siguiente:

**Regla 4.7. Prueba del diligenciamiento**

La persona que diligencie el emplazamiento presentará en el Tribunal la constancia de haberlo hecho dentro del plazo concedido a la persona emplazada para comparecer. Si el diligenciamiento lo realizó un alguacil o alguacila, su prueba consistirá en una certificación al efecto; si lo realizó una persona particular, ésta consistirá en su declaración jurada. En caso de que la notificación del emplazamiento se haga por edictos, se probará su publicación mediante la declaración jurada del (de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado y de un escrito del abogado o abogada que certifique que se depositó en el correo una copia del emplazamiento y de la demanda. En los casos de emplazamiento comprendidos en la Regla 4.3(b)(2) y (5) se acreditará el diligenciamiento mediante una declaración jurada que establezca el cumplimiento con todos los requisitos establecidos o por la orden del juez o jueza. En el caso comprendido en la Regla 4.6, se presentará el acuse de recibo de la parte demandada. **La omisión de presentar prueba del diligenciamiento no surtirá efectos en cuanto a su validez**. La admisión de la parte demandada de que ha sido emplazada, su renuncia del diligenciamiento del emplazamiento o su comparecencia hará innecesaria tal prueba. (Énfasis nuestro).

Al analizar el alcance de lo antes dispuesto, el tratadista Rafael Hernández Colón señala que "[e]l que no se haya presentado prueba en autos sobre el diligenciamiento debidamente practicado en un caso **no afecta** la validez de ese diligenciamiento. Sin embargo, la corte no podrá actuar válidamente hasta tanto se acredite en los autos el diligenciamiento". R. Hernández Colón, *Derecho procesal civil*, 6.a ed., San Juan, Ed. LexisNexis, 2017, pág. 277, citando a *Maldonado v. Colón*, 68 DPR 340 (1948). Véase además, *Ross Valedon v. Hosp. Dr. Susoni et al., Corp.*, 213 DPR 481 (2024).

Sobre lo mismo, el tratadista J.A. Echavarría Vargas ha expresado lo siguiente:

La omisión de presentar prueba de diligenciamiento no surtirá efecto en cuanto a su validez. Esa posible omisión no puede tener la consecuencia de anular la efectividad del diligenciamiento del emplazamiento pues se debe limitar que una parte emplazada pueda atacar la calidez del emplazamiento por el simple tecnicismo de que la persona que lo efectuó no hizo constar adecuadamente ese hecho.

J.A. Echevarría Vargas, *Procedimiento civil puertorriqueño*, 3ª ed. rev., Colombia, Ed. Nomos S.A., 2023, pág. 90.

Por último, es sabido que los requisitos que dispone la regla de emplazamiento son de estricto cumplimiento. Véanse: *Rivera Torres v. Díaz López*, supra, pág. 647; *Quiñones Román v. Cía. ABC*, 152 DPR 367, 374-375 (2000); *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901 (1998); *Rodríguez v. Nasrallah*, 118 DPR 93 (1986). Ello, pues, "el emplazamiento es un trámite medular para el cumplimiento con el debido procedimiento de ley de un demandado y afecta directamente la jurisdicción del tribunal". *Rivera v. Jaume*, 157 DPR 562, 579 (2002); *Torres Zayas v. Montano Gómez, et als.*, supra, pág. 468.

Recordemos además, que las normas sobre el emplazamiento "son de carácter impositivo, de las cuales no se puede dispensar. La razón de esta rigurosidad es que el emplazamiento se mueve dentro del campo del Derecho constitucional y más específicamente dentro del derecho del demandado a ser oído y notificado de cualquier reclamación en su contra". R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 257. *Torres Zayas v. Montano Gómez, et als.*, supra, pág. 468.

## C. Sanciones

El artículo 4.0008 de la Ley Núm. 201 de 22 de agosto de 2003, según enmendada, conocida como *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, 4 LPRA sec. 2 *et seq.*, nos confiere facultad para imponer sanciones en los casos que alguna parte o a su abogado haya actuado de manera frívola o temeraria. En detalle, el referido estatuto establece que:

> Además de las costas y honorarios de abogados que está facultado imponer, el Tribunal de Apelaciones podrá imponer la sanción económica que estime apropiada cuando determine que el recurso ante su consideración

es frívolo, o que se presentó para retrasar los procedimientos, o que existe conducta constitutiva de demora, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia.

Los fondos procedentes de la imposición de sanciones económicas podrán ingresar al Fondo de Acceso a la Justicia para su disposición al amparo de la Ley 165-2013, según enmendada, o podrán ser asignados a una parte, su representación legal, o a ambas, a discreción del Tribunal.

Asimismo, la Regla 85 del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 113-114, 215 DPR __ (2025), dispone como sigue:

*Regla 85 – Costas y sanciones*

(A) Las costas se concederán a favor de la parte que prevalezca, excepto en aquellos casos en que se disponga lo contrario por ley.

(B) Si el Tribunal de Apelaciones determina que el recurso ante su consideración es **frívolo** o que se presentó para dilatar los procedimientos, lo denegará o **desestimará**, según sea el caso, e impondrá a la parte promovente o a su abogado o abogada las costas, los gastos, los honorarios de abogado y la **sanción económica** que estime apropiada, la cual deberá reflejar, en lo posible, el costo de la dilación para el Estado y para la parte opositora recurrida causado por la interposición del recurso, conforme a las guías que establezca el Tribunal de Apelaciones.

El tribunal impondrá iguales medidas a la parte promovida o a su abogado cuando determine que la contestación al recurso es frívola o que ha sido presentada para dilatar los procedimientos.

(C) El Tribunal de Apelaciones impondrá costas y sanciones económicas en todo caso y en cualquier etapa a una parte, a su abogado o a su abogada por la interposición de recursos frívolos o por conducta constitutiva de demora, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia.

(D) A discreción del Tribunal de Apelaciones, la sanción económica podrá ser a favor del Estado, de cualquier parte o de su abogado o abogada.

(E) Los dictámenes del Tribunal de Apelaciones bajo esta regla, deberán ser debidamente fundamentados.

(Énfasis suplido).

Por otro lado, la última instancia judicial ha expresado que el concepto de temeridad es amplio. *Blás v. Hosp. Guadalupe, supra,*

págs. 334-335. La conducta temeraria se ha descrito como aquella que "prolonga innecesariamente o que obliga que la otra parte incurra en gestiones evitables", –*Marrero Rosado v. Marrero Rosado*, 178 DPR 476, 504 (2010), citando a *Elba A.B.M. v. U.P.R.*, 125 DPR 294, 329 (1990) – así como " 'una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y la administración de la justicia' ", *P.R. Oil v. Dayco, supra*, págs. 510-511. Véase, además, *S.L.G. Flores-Jiménez v. Colberg, supra*, pág. 866; *Domínguez v. GA Life*, 157 DPR 690, 706 (2002); *Blás v. Hosp. Guadalupe, supra*, págs. 334-337. *Meléndez Vega v. El Vocero de PR, supra*, pág. 212.

En innumerables ocasiones el Tribunal Supremo de Puerto Rico ha señalado, sin embargo, que "[l]a temeridad es improcedente en aquellos litigios que envuelven planteamientos complejos y novedosos aún no resueltos en nuestra jurisdicción", así como "cuando la parte concernida responde a lo que resulta ser una apreciación errónea del derecho" o una "desavenencia honesta" en cuanto a la aplicación del Derecho, especialmente cuando no existan precedentes vinculantes. *Maderas Tratadas v. Sun Alliance et al.*, 185 DPR 880 (2012), citando a *Santiago v. Sup. Grande*, 166 DPR 796, 821 (2006), y a *Oliveras, Inc. v. Universal Ins. Co.*, 141 DPR 900, 936 (1996); *Santos Bermúdez v. Texaco P. R., Inc.*, 123 DPR 351 (1989).

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

En esencia, la Junta de Directores sostiene que, el Tribunal de Primera Instancia incidió al declarar sin lugar su solicitud de desestimación. Arguye que, R&R no incluyó al Consejo de Titulares en su reclamación, lo que constituye una falta de parte indispensable. Asimismo, sostiene una vez más que, el tribunal *a*

*quo* erró al denegar la moción dispositiva, por incumplimiento con el término de 120 días para emplazar. Insiste en que, el recurrido no presentó evidencia del diligenciamiento del emplazamiento dentro del referido plazo, ni emplazó a la Asociación.

Evaluado el recurso ante nuestra consideración, colegimos que no procede la expedición del auto solicitado. Ciertamente, la denegatoria de una moción de carácter dispositivo está comprendida dentro de las excepciones que dispone la Regla 52.1 de Procedimiento Civil, *supra*, por lo que, contamos con jurisdicción para revisar el dictamen recurrido. No obstante, evaluado el recurso presentado, razonamos que no están presentes ninguno de los criterios expuestos en la Regla 40 de nuestro Reglamento, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59, 215 DPR __ (2025).

Así pues, los señalamientos de error antes reseñados, por los fundamentos aducidos en la petición, no pueden activar nuestra jurisdicción discrecional en el caso de autos. La decisión recurrida no es manifiestamente errónea y encuentra cómodo asilo en la sana discreción del Tribunal de Primera Instancia.

Además, la Junta de Directores tampoco ha logrado persuadirnos de que nuestra abstención apelativa en este momento y sobre el asunto planteado constituiría un rotundo fracaso de la justicia.

Ahora bien, aun resuelto lo anterior, razonamos meritorio señalar que, la presentación del presente recurso refleja una conducta temeraria. Veamos.

Conforme surge del expediente, R&R instó la demanda el 28 de agosto de 2024. No obstante, toda vez que los proyectos de emplazamiento fueron presentados posteriormente, no fue hasta el 3 de octubre de 2024, que la Secretaría del Tribunal de Primera

Instancia expidió los emplazamientos.[18] A partir de dicha fecha, y de conformidad a lo dispuesto por la Regla 4.3 de Procedimiento Civil, *supra*, el recurrido contaba con un término de 120 días para diligenciar los emplazamientos. Esto es, hasta el **30 de enero de 2025**.

Surge del expediente que, el 14 de enero de 2025, R&R presentó una moción donde acreditó que, los emplazamientos habían sido diligenciados el **22 de noviembre de 2024**, a saber, dentro del término que dispone el ordenamiento jurídico. Como evidencia, el recurrido presentó dos certificados de diligenciamiento.[19] De ambos certificados, entiéndase la correspondiente a la Junta de Directores y aquel dirigido a la Asociación, surge que, los emplazamientos fueron diligenciados personalmente, en la fecha antes reseñada, a la señora Rosemarie Díaz Castell. Asimismo, ambos certificados están debidamente juramentados por el señor Arquímedes López Ramos, emplazador contratado por R&R[20].

A pesar de la evidencia clara presentada por el recurrido, la Junta de Directores presentó una moción posterior para reiterar su solicitud de desestimación, mediante la cual, insistió en su argumento de que, R&R no había presentado evidencia del diligenciamiento de los emplazamientos.

Las mociones presentadas por la Junta de Directores fueron atendidas por el foro primario, quien muy acertadamente resolvió que, los emplazamientos sí habían sido diligenciados oportunamente, y así había sido acreditado por R&R.

---

[18] Véase, *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379 (2021), donde el Tribunal Supremo resolvió que, el término de 120 días para diligenciar un emplazamiento comenzará a transcurrir, sin ninguna otra condición o requisito, una vez la Secretaría del tribunal expida el emplazamiento. Véase también, *Sánchez Ruiz v. Higuera Pérez et al.*, 203 DPR 982 (2020); *Bernier González v. Rodríguez Becerra*, 200 DPR 637 (2018).

[19] Apéndice del recurso de *certiorari*, entrada número 9, anejos A y B.

[20] *Véase*, apéndice del recurso de *certiorari*, entrada 21, anejo 1.

No obstante, la parte peticionaria presentó una solicitud de reconsideración, donde entonces argumentó que, R&R había incumplido con las Reglas de Procedimiento Civil, puesto que no había presentado la evidencia de los emplazamientos diligenciados dentro del término de 120 días. En otras palabras, la Junta de Directores adujo que, R&R debió haber presentado la evidencia del diligenciamiento del emplazamiento dentro del mismo término de 120 días que tenía para emplazar. Nada más lejos de la verdad.

Según esbozado, la Regla 4.7 de Procedimiento Civil, *supra* dispone expresamente que, la omisión de presentar prueba del diligenciamiento de un emplazamiento no afecta la validez de este. Al analizar dicha disposición, se desprende cómodamente que, la presentación de evidencia del diligenciamiento del emplazamiento **no es mandatoria**.

Pese a la evidencia que obra en el expediente y a la clara normativa jurídica aplicable, la Junta de Directores instó el presente recurso que nos ocupa, y reitera en sus argumentos.

A juicio de esta *Curia*, la presentación del presente recurso de *certiorari* constituye una actuación frívola que merece nuestro más enérgico rechazo. Los fundamentos de la Junta de Directores constituyen un intento de inducir a error tanto al foro primario como a esta segunda instancia judicial.

Según esbozado en el derecho que precede, la Regla 85 de nuestro Reglamento, *supra,* nos confiere facultad para imponer sanciones en los casos que alguna parte o su abogado han actuado de manera frívola. Al tenor, se le impone a la parte peticionaria una sanción económica a favor de R&R, por la cantidad de $2,000.00.

**IV**

Por los fundamentos que anteceden, se desestima el recurso de *Certiorari.* No sin antes, imponer a la Junta de Directores una sanción económica por la suma de $2,000.00, a favor de la parte

recurrida, por su conducta temeraria y frívola al incoar este proceso apelativo. La sanción deberá ser satisfecha en un periodo de diez (10) días, contados a partir de la notificación de esta resolución. Una vez realizado el pago, la Junta de Directores deberá acreditar su cumplimiento en un término no mayor de cinco (5) días.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones